IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 95-423

NOV 2 1 1995

)
IN RE: TIM GRANT,                   )      O R D E R
                                    )
          Petitioner.               )

Attorney Erik B. Thueson, (Thueson) on behalf of his client Tim Grant, (Grant) has petitioned this Court under Rule 17, M.R.App.P. for an order interpreting Rule 1.8(e) of the Rules of Professional Conduct in light of a September 11, 1995, letter of the State Bar of Montana, Ethics Committee, stating that the Committee felt that it was not appropriate to render and opinion on Thueson's request for an expedited opinion regarding Grant's case, beyond the Committee's interpretation of the Rule provided in Ethics Opinion 860723. In that opinion, the Committee answered in the negative the following question: "May an attorney borrow money in their firm name and then advance the loan proceeds to their clients during the pendency of the client's lawsuit or guarantee a loan which is made to the client during the pendency of a claim or litigation?" The Committee's letter further indicates that it had "wrestled with the issue of financial assistance to clients and recognizes that its current rule requires additional discussion. . .[and that the Committee] . . . would like the opportunity to review Montana's rule 1.8, in conjunction with the Montana Supreme Court and Montana's bar, to consider the need, if any, for revision." The Committee has also filed a response in this cause stating that, in the Committee's opinion, the relief sought by

1

Thueson in his application, if granted, would be a violation of Rule 1.8.

Additionally, Thueson requests this Court to grant immediate relief in this particular case in the same manner as we did in our ordered dated and filed February 23, 1995, in the case of In Re: David Whitford, Cause No. 95-087.

David J. Patterson, has appeared amicus curiae in support of Thueson's application and has filed a brief suggesting that Rule 1.8(e) should be revised. Patterson is a member of and special counsel for the Montana Bar Ethics Committee (having recused himself from any participation at the Committee in this case); he serves a liaison to the Commission on Practice; he teaches professional ethics to students at the University of Montana Law School; and he presents professional ethics seminars to attorneys.

In accordance with the procedure set forth in our Order Re: Rule 1.8(e), Rules of Professional Conduct dated November 21, 1995, it is appropriate that Thueson's application for extraordinary relief be granted as set forth hereafter.

Thueson's application in this case and the appendices thereto demonstrate the following facts which we accept as true for purposes of this application and order:

1. Grant is a 33 year old Montana resident and a former Burlington Northern Railroad Company (BN) worker, who has been out of work for approximately nine months, due to severe injuries, including a herniated disc in his low back.

2. Since Grant was disabled he has been unable to pay his bills including those for basic living expenses such as utilities, property taxes, homeowner's and auto insurance, and vehicle payment. Grant is living on $720 per month sickness benefits; he is not entitled to workers' compensation benefits; he receives no wage continuation from his former employer. Grant has begun selling off his personal property to meet his financial obligations.

2. Grant's treating physicians indicate that he will never be able to go back to railroad work. Grant has less than a high school education. Grant's psychological reports indicate that, because of his injuries and his financial circumstances, he is presently suffering severe stress including clinically significant depression with emergent suicide ideation and pain, anxiety, sleeplessness, and weight loss. Grant finds it difficult to keep his medical appointments sometimes because of the costs involved, including the costs of transportation.

3. Grant's claim against BN for his injuries is pending as Cause No. BDV-95-643, Grant v. Burlington Northern, in district court, but is presently not scheduled for trial, and the end of the trial phase of Grant's case may be over a year away.

4. Thueson and/or his law firm desire to assist Grant in obtaining financial assistance by co-signing a bank loan to Grant for basic living expenses during the pendency of the resolution of his claim, said loan to be repaid at the time of recovery for his

3

injuries. The loan is anticipated to be in the amount of $1,000 per month.

We conclude on the basis of Thueson's application that his attorney/client relationship with Grant was established not as a result of, in consideration for or in contemplation of Thueson's offer to financially assist his client.

Moreover, under these facts and circumstances of this case, we conclude that the criteria set forth in our Order Re: Rule 1.8(e), Rules of Professional Conduct, dated November ___, 1995, are satisfied, to wit: the loan to Grant is needed to enable him to withstand delay in litigation that otherwise might unjustly induce him to settle or dismiss his case because of financial hardship rather than on the merits; that Grant's loan will be used only for basic living expenses; that Grant faces demonstrable financial hardship that relates to, and arises out of, the injuries and claims for which Thueson is representing him; and that Thueson did not promise, offer, or advertise the loan before being retained by Grant.

Good cause shown:

IT IS ORDERED that Thueson's application for extraordinary relief should be and the same is, hereby, GRANTED, and that he and/or his law firm is allowed to proceed in a manner consistent with this order.

IT IS FURTHER ORDERED that pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this order shall not be cited as precedent and shall be published by its

4

filing as a public document with the Clerk of this Court by a report of its result to the West Publishing Company.

IT IS FURTHER ORDERED that the Clerk of this Court give notice of this order by mail to Erik B. Thueson, Attorney at Law, and to the Chairperson of the Ethics Committee.

Dated this 21ˢᵗ day of November 1995.

_____
Chief Justice

_____

_____

_____

_____
Justices

5